# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/30/2018
CT Log Number 533065966

TO:    Terri Kirschman
       General Dynamics C4 Systems, Inc.
       8201 E McDowell Rd, Md# H3250
       Scottsdale, AZ 85257-3812

RE:    **Process Served in California**

FOR:   General Dynamics Mission Systems, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marilyn English, Pltf. vs. General Dynamics Mission Systems, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Certificate, Notice, Complaint |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVDS1806907 |
| **NATURE OF ACTION:** | Termination in Violation of Public Policy |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2018 at 10:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Abraham Mathew<br>Mathew & George<br>500 South Grand Avenue<br>Suite 1490<br>Los Angeles, CA 90071<br>310-478-4349 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780102704908<br><br>Image SOP<br><br>Email Notification,  Douglas Cox  douglas.cox@gd-ms.com<br><br>Email Notification,  Annejanette Pickens  annejanette.pickens@gd-ais.com<br><br>Email Notification,  Terri Kirschman  terri.kirschman@gd-ms.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / RP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3-30-18
1040 Am

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

GENERAL DYNAMICS MISSION SYSTEMS, INC., a Delaware
corporation; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MARILYN ENGLISH,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 23 2018

BY _Lisette Ortega_
LISETTE ORTEGA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) San Bernardino County Superior Court | CASE NUMBER:<br>(Número del Caso:)<br>CIVDS1806907 |
|---|---|

247 West Third Street
San Bernardino, California 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Sang J Park, Mathew & George, 500 S. Grand Ave., Ste. 1490, Los Angeles, CA 90071, (310) 478-4349

| DATE: **MAR 23 2018**<br>(Fecha) | Clerk, by **Lisette Ortega**<br>(Secretario) | Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Sang J Park, SBN 232956<br>Mathew & George<br>500 South Grand Avenue, Suite 1490<br>Los Angeles, California 90071<br>TELEPHONE NO.: 310-478-4349    FAX NO. *(Name)*: 310-478-9580<br>ATTORNEY FOR *(Name)*: Plaintiff Marilyn English | FOR COURT USE ONLY<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAR 2 3 2018<br><br>BY _Lisette Ortega_<br>LISETTE ORTEGA, DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME:

CASE NAME:
Marilyn English v. General Dynamics Mission Systems, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIVDS1806907 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: Nine
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 22, 2018

Sang J Park, SBN 232956
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CASE NO.: CIVDS1806907

Marilyn English

vs.

**CERTIFICATE OF ASSIGNMENT**

General Dynamics Mission Systems, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Marilyn English | 13782 Bear Valley Rd. |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Victorville | CA | 92392 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 22, 2018 at Los Angeles , California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
---------------------------------------------------------------------
---------------------------------------------------------------------
                              CASE NO: CIVDS1806907

MATHEW & GEORGE
500 S GRAND AV
STE 1490
LOS ANGELES CA 90071          NOTICE OF TRIAL SETTING CONFERENCE

IN RE: ENGLISH VS GENERAL DYNAMICS MISSION SYSTEMS

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 09/26/18 at  8:30 in Dept. S24


DATE: 03/23/18  Nancy Eberhardt, Court Executive Officer
                                     By: LISETTE ORTEGA
---------------------------------------------------------------------
---------------------------------------------------------------------
              CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/23/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/23/18 at San Bernardino, CA

                         BY: LISETTE ORTEGA

ABRAHAM MATHEW, SBN 181110
abraham@mathewandgeorge.com
JACOB GEORGE, SBN 213612
jacob@mathewandgeorge.com
SANG J PARK, SBN 232956
sang@mathewandgeorge.com
MATHEW & GEORGE
500 South Grand Avenue, Suite 1490
Los Angeles, California 90071
Telephone:    (310) 478-4349
Fax:             (310) 478-9580.

Attorneys for Plaintiff

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 3 2018

BY _~Lisette Ortega~_
LISETTE ORTEGA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MARILYN ENGLISH, | Case No.: |
| | CIVDS1806907 |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| | (1)   Age Discrimination; |
| GENERAL DYNAMICS MISSION | (2)   Race Discrimination; |
| SYSTEMS, INC., a Delaware corporation; | (3)   Gender Discrimination; |
| and DOES 1 to 10, | (4)   Failure to Prevent Discrimination; |
| | (5)   Hostile Work Environment Harassment; |
| Defendants. | (6)   Wrongful Termination in Violation of |
| | Public Policy; |
| | (7)   Wrongful Termination in Violation of |
| | FEHA; |
| | (8)   Retaliation & Wrongful Termination in |
| | Violation of Lab. Code § 1102.5; |
| | (9)   Violation of Lab. Code § 1197.5 |
| | (Equal Pay Act) |
| | |
| | **DEMAND FOR JURY TRIAL** |

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

## JURISDICTION

1.     The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     The California Superior Court has jurisdiction over Defendants because each is a corporation and/or entity and/or person that has sufficient minimum contacts in California, each is a citizen of California, or each otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## PARTIES AND VENUE

3.     Plaintiff is, and at all relevant times was, a citizen and resident of the State of California, County of San Bernardino.

4.     Defendant General Dynamics Mission Systems, Inc. is, and at all relevant times was, a Delaware company conducting business in California.

5.     Plaintiff is informed and believes, and thereon alleges, that at the time of the wrongful conduct alleged herein, and continuing, that Defendant met the definition of "employer" set forth at Government Code § 12926(d) (requiring five or more employees) for liability under the California Fair Employment and Housing Act ("FEHA").

6.     The true names and capacities, whether corporate, associate, individual, or otherwise of Defendants DOES 1 to 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Cal. Civ. P. § 474.

7.     Each Defendant designated as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, and caused injuries and damages proximately to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 1
COMPLAINT

## JOINT LIABILITY

8.      Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them.

9.      Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

## LIABILITY FOR PUNITIVE DAMAGES

10.     Defendants' conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by its officers, directors, and/or managing agents as those terms are used in Cal. Civ. Code §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages.

11.     Further Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

## FACTS

12.     Defendants employed Plaintiff as a Technical Instructor from October 28, 2009 to January 2, 2018.

**Defendants pay Plaintiff less because she is an older black woman**

13.     Plaintiff is a 55 year old black woman.

14.     As a Technical Instructor, Plaintiff trained the United States Army on the use and operation of various communication systems, including networking equipment, manufactured and sold by General Dynamics Mission Systems, Inc. ("General Dynamics"). Defendants required Plaintiff to travel to various military bases to conduct her training.

MATHEW & GEORGE
300 SOUTH GRAND AVENUE, SUITE 1690
LOS ANGELES, CALIFORNIA 90071

15.     Plaintiff performed well during her tenure.  Just two months prior to her termination notice, Plaintiff received an "Excellence Award" for her "exceptional performance and commitment to Operational & People Excellence:"

"...Your contribution to uphold our ethos, mission and vision at General Dynamics Mission Systems is appreciated and recognized.  Thank you for your continued service and dedication."

16.     Not surprisingly Plaintiff quickly became a "Lead."  Defendants first introduce Lead Technical Instructors ("LTI") on General Dynamics' newest products, and, in turn, the LTIs train other Technical Instructors on the newer products at various military bases.

17.     Defendants grouped their LTIs into teams.  The teams trained together on the use of General Dynamics new products, and they travelled together to their assigned military base.

18.     Each team member took turns as the "lead" trainer on the newer products.

19.     Plaintiff's team consisted of five to ten other Technical Instructors—all white men in their mid-to-late 20s.  Plaintiff was the only black woman on the team.

20.     Plaintiff soon learned that Defendants paid her less than her team members.

a.     Defendants started Plaintiff at $45,000, but paid her younger white co-workers $10,000 more at $55,000.

b.     As a LTI, Plaintiff performed managerial duties, or Defendants' "E-34" classification level.  But Defendants paid Plaintiff at a lower "E-31" classification level—a difference of nearly $20,000.

21.     Plaintiff complained to Defendants about the glaring pay disparity.  Defendants admitted to it and gave a bogus explanation: Plaintiff's younger white male teammates were all ex-military members whose experience warranted higher pay.

22.     Defendants' explanation was false because General Dynamics' products were off-the-self commercial equipment that did not require any prior military experience.

23.     Regardless, in 2016—and only after repeated complaints about pay inequity—Defendants agreed to pay Plaintiff at the "E-32" classification level—while Defendants required her to continue working as a "E-34."

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

24. All the while Plaintiff's younger white male teammates were paid at "E-34.".

**"Fuck you bitch:" Defendants maintain a hostile work environment against Plaintiff**

25. In February 2017 Defendants assigned Plaintiff to Fort Carson.

26. Plaintiff's team included Mike Erb, Joe Stinson, Warren Grubs, and Roland Phillips. Mr. Erb and Mr. Stinson were the team "lead" and "2nd lead," respectively.

27. From the moment Plaintiff arrived at Fort Carson, Plaintiff was subjected to discrimination and hostile work environment harassment based on her age, race and gender.

    a. Plaintiff's white male team members refused to work with Plaintiff or train her in the new system.

    b. Plaintiff was criticized for "asking too many questions" or told to "go ask someone else" or call her supervisor.

    c. Team leads refused to include Plaintiff in the scheduling of the training sessions, including meal and rest periods.

    d. Plaintiff was falsely accused of being late to training sessions and chastised for asking if she was free to go after the sessions were completed.

    e. Team leaders refused to pass onto Plaintiff the most up-to-date information they received on the new system.

    f. Instead team leaders inexplicably trained another non-team member, Mike Woods, on the new system. Rather than bringing Plaintiff and Roland Phillips—a black male—up to date on the new system so Plaintiff could, in turn, train the Army, Mr. Erb and Mr. Stinson engaged in one on one training with Mr. Woods.

    g. When Plaintiff had trouble with a program on her laptop, team leaders criticized her and accused her of "not knowing what she was doing."

        i. Eventually, when one of the team leaders attempted to run the same program, he found a flaw in the software. But Plaintiff did not receive any apology or explanation on how to fix it.

28. Plaintiff complained to the team leads and team members that she was not receiving the proper training on the new products to do her job. In response, Warren Grubs

called Plaintiff a "bitch," and as Plaintiff walked past him in a training room, Mr. Grubs openly told Plaintiff "Fuck you bitch!"

29.     Another non-team member employee, "Dusty," was in the room and heard the epithet. Dusty quickly turned to Mr. Grubs and confronted him: "Why are you talking to her like that?" Mr. Grubs did not respond.

30.     Plaintiff complained to her Supervisor, Todd Haibach, about the "bitch" incident. Mr. Haibach just brushed it aside and told Plaintiff that Mr. Grubs was "probably joking."

31.     Eventually Plaintiff was paired with Mr. Phillips, who himself did not have any meaningful tasks.  Mr. Phillips sat in a truck, not doing anything.

   a.     Plaintiff later heard Mr. Erb boast that he now had "everyone doing what they're good at"—suggesting that Plaintiff was not good at doing anything.

**"Fucking nigger:" Defendants maintain a hostile work environment against Plaintiff**

32.     On a Saturday, in February 2017, Plaintiff stepped out to the smoking area for a cigarette.  Mr. Erb and Mr. Stinson were in the area also smoking cigarettes.  When they saw Plaintiff, Mr. Stinson—referring to Plaintiff—loudly said, "Fucking Nigger!"

33.     Mr. Erb immediately approached Plaintiff and disingenuously and foolishly told Plaintiff that they "were not talking about her," and she should not be offended.

34.     Plaintiff fled to the nearest bathroom and began to cry.

35.     There, Plaintiff's co-worker, Donna Johnson, saw her crying and tried to help. After hearing what just happened, Ms. Johnson encouraged Plaintiff to report the incident.

36.     Plaintiff first reported the hate incident to her Supervisor, Mr. Haibach, and told Mr. Haibach about her intention to lodge a formal complaint.  In response, Mr. Haibach—in a misguided attempt to dissuade her—threatened Plaintiff that "once [she] opens up this can of worms, [she] can't close it."  And he repeatedly asked Plaintiff, "are you sure about this?"

37.     Plaintiff formally complained about the hate incident to Defendant's HR Manager, Scott Yawn, and Tom Washer.

38.     Mr. Haibach's manager, Laurie Umberger, told Plaintiff to take the rest of the week off while Defendants investigated her complaints.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1400
LOS ANGELES, CALIFORNIA 90071

39.    After their "investigation," Defendants did the following: they expressed regret over the incident and told Plaintiff that Mr. Erb—the team lead—had promised to "be better."

40.    Then Defendants decided that Plaintiff was the problem and decided to transfer her out of Fort Carson to Massachusetts for "another training."

41.    Plaintiff was hoping to receive the same training on General Dynamics' new system that Erb, Stinson and Grub had received and return to the field.

42.    When Plaintiff arrived in Massachusetts, she did not find any other training. Instead Defendants relegated Plaintiff to do busy paperwork for months on end.

**Defendants terminate Plaintiff because she again blows the whistle**

43.    In September 2017 Defendants shipped Plaintiff to Taiwan for a project.

44.    Plaintiff's teammate, Mike Hanslic, informed Plaintiff that another employee, "John," shared with him what appeared to be child pornography.

45.    Plaintiff immediately reported "John" to Defendants' ethics hotline.

46.    Plaintiff returned to California in mid-October 2017.

47.    And in mid-December 2017, Defendants suddenly terminated Plaintiff.

48.    Defendants terminated Plaintiff because of her age, gender, race, and her complaints about Defendants and their employees' unlawful acts.

49.    Plaintiff has exhausted her administrative remedies pursuant to Govt. Code §§ 12960 and 12965(b) by timely filing an administrative complaint with the Department of Fair Employment & Housing and receiving a Right to Sue letter within one year of filing of lawsuit.

<u>**FIRST CAUSE OF ACTION**</u>

**Age Discrimination**

**(Plaintiff against all Defendants)**

50.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

51.    At all times herein mentioned, California Government Code §§ 12940 et seq. was in full force and effect and were binding on Defendants as Defendants regularly employed five (5) or more persons.  Plaintiff was at all times material hereto an employee covered by California Government Code § 12940(a) prohibiting discrimination in employment on the basis

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1650
LOS ANGELES, CALIFORNIA 90071

1  of age.  Defendants were and are at all times material hereto an employer within the meaning of

2  California Government Code § 12926(d), and as such were barred from discriminating in

3  employment decisions on the basis of age as set forth in California Government Code § 12940.

4       52.   On December 14, 2017, effective January 2, 2018, after nearly 10 years of

5  service, Defendants terminated Plaintiff.  Plaintiff was performing her job well at the time of her

6  termination.  As detailed above, Defendants discriminated against Plaintiff because of her age.

7       53.   At the time of Plaintiff's termination Plaintiff was over the age of 40 and is a

8  member of a protected class.  Plaintiff is informed and believes that Defendants replaced her

9  with a younger employee with equal or inferior qualifications despite Plaintiff's exemplary

10  performance.

11       54.   Although Plaintiff was well qualified for her position based on her near 10 years

12  of experience with Defendants and should have been retained, Defendants terminated Plaintiff

13  because of her age.

14       55.   As a proximate result of Defendants' discriminatory acts, Plaintiff has suffered

15  actual, consequential and incidental financial losses, including without limitation, loss of salary

16  and benefits, and the intangible loss of employment related opportunities in her field and

17  damage to her professional reputation, all in an amount subject to proof at the time of trial.

18  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or

19  any other provision of law providing for prejudgment interest.

20       56.   As a proximate result of Defendants' discriminatory acts, Plaintiff has suffered

21  and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

22  well as the manifestation of physical symptoms.  Plaintiff is informed and believes and

23  thereupon alleges that she will continue to experience said physical and emotional suffering for

24  a period in the future, all in an amount subject to proof at the time of trial.

25       57.   As a proximate result of Defendants' discriminatory acts, Plaintiff has been

26  forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

27  continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

28  recover attorneys' fees and costs under California Government Code § 12965(b).

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

58.     Defendants' outrageous conduct was fraudulent, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendants to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in the amount to be established that is appropriate to punish each Defendant and deter others from such conduct.

## SECOND CAUSE OF ACTION

### Race Discrimination

### (Plaintiff against all Defendants)

59.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

60.     Plaintiff was an employee, protected by Govt. Code §§ 12940(a), which prohibits discrimination in employment on the basis of race.

61.     Defendants were "employers" within the meaning of Govt. Code § 12926, and as such, were prohibited from discriminating in regard to terms, conditions, or privileges of employment, including terminations on the basis of race.

62.     Plaintiff was subjected to disparate treatment and disparate impact by Defendants because of her race, as discussed above, in violation of Govt. Code § 12940(a).

63.     Despite Defendants' actual and/or constructive knowledge of the above mentioned harassment and discrimination, and with the knowledge of its supervisors and agents, they failed to take immediate and appropriate corrective action to stop the discrimination.

64.     Under Govt. Code § 12940(a), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights, "because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, gender, age, or sexual orientation of any person," to:

(a)     "... [R]efuse to hire or employ the person or to refuse to select the person for a training program leading to employment;" or

(b)     "... [B]ar or to discharge the person from employment or from a training

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

program leading to employment, or

(c) "... [D]iscriminate against the person in compensation or in terms, conditions, or privileges of employment."

65.   Under Govt. Code § 12940(k), Defendants, and each of them, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

66.   Defendants, with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, violated the Fair Employment and Housing Act ("FEHA") by discriminating against Plaintiff as set forth throughout this Complaint.

67.   As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

68.   Pursuant to Govt. Code, § 12965(b) and Cal. Civ. P. § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

69.   The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

### THIRD CAUSE OF ACTION

#### Gender Discrimination

#### (Plaintiff against all Defendants)

70.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

71.     Plaintiff was an employee, protected by Govt. Code §§ 12940(a), which prohibits discrimination in employment on the basis of gender and sex.

72.     Defendants were "employers" within the meaning of Govt. Code § 12926, and as such, were prohibited from discriminating in regard to terms, conditions, or privileges of employment, including terminations on the basis of race.

73.     Plaintiff was subjected to disparate treatment and disparate impact by Defendants because of her gender, as discussed above, in violation of Govt. Code § 12940(a).

74.     Despite Defendants' actual and/or constructive knowledge of the above mentioned harassment and discrimination, and with the knowledge of its supervisors and agents, they failed to take immediate and appropriate corrective action to stop the discrimination.

75.     Under Govt. Code § 12940(a), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights, "because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, gender, age, or sexual orientation of any person," to:

      (a)   "… [R]efuse to hire or employ the person or to refuse to select the person for a training program leading to employment;" or

      (b)   "… [B]ar or to discharge the person from employment or from a training program leading to employment, or

      (c)   "… [D]iscriminate against the person in compensation or in terms, conditions, or privileges of employment."

76.     Under Govt. Code § 12940(k), Defendants, and each of them, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer…

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1400
LOS ANGELES, CALIFORNIA 90071

1    to fail to take all reasonable steps necessary to prevent discrimination and harassment from

2    occurring."

3        77.    Defendants, with malice, oppression, and fraud and in conscious disregard for

4    Plaintiff's rights under the law, violated the Fair Employment and Housing Act ("FEHA") by

5    discriminating against Plaintiff as set forth throughout this Complaint.

6        78.    As a result of Defendants' malicious, oppressive, fraudulent, and despicable

7.   violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and

8    special damages, and the need for punitive damages.

9        79.    Pursuant to Govt. Code, § 12965(b) and Cal. Civ. P. § 1021.5, Plaintiff is entitled

10   to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law

11   as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

12       80.    The wrongful conduct of Defendants described above was intended by

13   Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile

14   conduct carried on by Defendants, and each of them, with a willful and conscious disregard of

15   the rights of Plaintiff, subjecting her to cruel and unjust hardship, and was an intentional

16   misrepresentation and concealment of material facts known to Defendants with the intent to

17   deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute

18   malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive

19   damages in an amount sufficient to punish the Defendants or to make an example of Defendants

20   to prevent such conduct by others.

21   <u>**FOURTH CAUSE OF ACTION**</u>

22   **Failure to Prevent Discrimination**

23   **Violation of Gov. Code § 12940(k)**

24   **(Plaintiff against all Defendants)**

25       81.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

26       82.    Plaintiff was subjected to discrimination and retaliation as set forth above based

27   on her age, race and gender.

28       83.    Defendants were aware of Defendants' employees' actions in discriminating

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

against Plaintiff based on her age, race, and gender. Despite being aware of the discrimination, Defendants failed to conduct an adequate investigation in regards to said discrimination and retaliation, or to take any action whatsoever to eliminate and/or remedy that discrimination.

84. Therefore Defendants failed to take reasonable steps to prevent Plaintiff from being unlawfully discriminated against.

85. Under Govt. Code § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

86. As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

87. Pursuant to Govt. Code § 12965(b) and Cal. Civ. P. § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

88. The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1690
LOS ANGELES, CALIFORNIA 90071

## FIFTH CAUSE OF ACTION

### Hostile Work Environment Harassment

### (Plaintiff against all Defendants)

89. Plaintiff incorporates all paragraphs above as though fully set forth herein.

90. As detailed above, Defendants' conduct created a hostile work environment for Plaintiff, making the conditions of her employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to Govt. Code § 12940. Defendants subjected Plaintiff to a hostile work environment harassment based on age, race, and gender.

91. Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile abusive work environment and thereby endangering Plaintiff's physical health and making her working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

92. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in the amount according to proof.

93. Defendants' actions justify the imposition of punitive damages in that the actions were against public policy. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Plaintiff against all Defendants)

94. Plaintiff incorporates all paragraphs above as though fully set forth herein.

95. At all times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in Govt. Code §§ 12940 et seq., is to prohibit employers from

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  discriminating, harassing and retaliating against any individual on the basis of age, race and

2  gender. This public policy of the State of California is designed to protect all employees and to

3  promote the welfare and well-being of the community at large. Accordingly Defendants' actions

4  in terminating Plaintiff based on her age, race and gender was wrongful and in contravention of

5  the express public policy of the State of California, namely the policy set forth in Govt. Code §§

6  12940 et seq. and the laws and regulations promulgated thereunder.

7      96.    The conduct, statements and acts described herein were an ongoing part of a

8  continuing scheme and course of conduct. Defendants knew the substance of the above-

9  described facts and circumstances and ratified the wrongs and injuries mentioned herein when it

10 was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued to

11 ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact

12 that its officials, supervisors and/or managing agents knew or reasonably should have known,

13 and know or reasonably should know, of the conduct and its unlawful motivations.

14     97.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual,

15 consequential and incidental financial losses, including without limitation, loss of salary and

16 benefits, and the intangible loss of employment related opportunities in her field and damage to

17 her professional reputation, all in an amount subject to proof at the time of trial.

18     98.    Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or §

19 3288 and/or any other provision of law providing for prejudgment interest.

20     99.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and

21 continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

22 as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

23 alleges that she will continue to experience said physical and emotional suffering for a period in

24 the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25     100.   The acts taken toward Plaintiff were carried out by Defendants' officers,

26 directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

27 deliberate, egregious and inexcusable manner and in conscious disregard for the rights of

28 Plaintiff. Plaintiff's termination was wrongful and justifies the imposition of punitive damages

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1   because the termination was against public policy.  In terminating Plaintiff because of her age,

2   race and gender, Defendants acted maliciously, fraudulently and oppressively with the wrongful

3   intention of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive

4   damages from Defendants in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of FEHA**

**(Plaintiff against all Defendants)**

8       101.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9       102.    At all times mentioned herein, Govt. Code §§ 12940 et seq. were in full force and

10  effect and were binding on Defendants, as Defendants regularly employed five (5) or more

11  persons.  Govt. Code §§ 12940 et seq. provides that it is unlawful for an employer to discharge a

12  person from employment or discriminate against them in compensation or as to the terms,

13  conditions or privileges of employment based on a prohibited employment practice as stated in

14  Govt. Code §§ 12940 (a)-(o).

15      103.    Defendants terminated Plaintiff because of her age, race and gender, and in doing

16  so, violated Govt. Code §§ 12940 et seq. (FEHA).

17      104.    The conduct described herein was an ongoing part of a continuing scheme and

18  course of conduct.  Defendants knew the substance of the above-described facts and

19  circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability

20  to prevent, remedy and/or correct these wrongs.  Defendants continued to ratify and refused to

21  remedy or correct the aforementioned conduct, notwithstanding the fact that its officials,

22  supervisors and/or managing agents knew or reasonably should have known, and know or

23  reasonably should know, of the conduct and its unlawful motivations.

24      105.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual,

25  consequential and incidental financial losses, including without limitation, loss of salary and

26  benefits, and the intangible loss of employment related opportunities in her field and damage to

27  her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims

28  such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 15

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1    provision of law providing for prejudgment interest.

2        106.   As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and

3    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

4    as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon

5    alleges that she will continue to experience said physical and emotional suffering for a period in

6    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

7        107.   As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to

8    hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

9    incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

10   fees and costs under Govt. Code § 12965(b).

11       108.   The acts taken toward Plaintiff were carried out by Defendants' officers,

12   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

13   deliberate, egregious and inexcusable manner and in conscious disregard for the rights of

14   Plaintiff.  Plaintiff's termination was wrongful and justifies the imposition of punitive damages

15   because the termination was against public policy.  In terminating Plaintiff because of her age,

16   race and gender, Defendants acted maliciously, fraudulently and oppressively with the wrongful

17   intention of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive

18   damages from Defendants in an amount according to proof.

19                          **EIGHTH CAUSE OF ACTION**

20              **Retaliation and Wrongful Termination in Violation of**

21              **Labor Code § 1102.5 –Whistleblower Protection Act**

22                       **(Plaintiff against all Defendants)**

23       109.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

24       110.   At all times set forth in this Complaint, Plaintiff was an employee of Defendants

25   and was protected by California Labor Code § 1102.5.

26       111.   At all times set forth in this Complaint, California Labor Code § 1102.5 was in

27   effect and provides, in part, that:

28       (a)    An employer may not make, adopt, or enforce any rule, regulation, or

                                    Page 16

policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(b)     An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c)     An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(d)     An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

112.    As detailed above, Plaintiff reported age, race and gender discrimination to Defendants.  Plaintiff also reported Defendants' employees possession of child pornography.

113.    Plaintiff had reasonable cause to believe that the information disclosed was a violation of state and/or federal laws, rules, and/or regulations.

114.    Shortly after Plaintiff disclosed the unlawful activity, and as detailed above, Defendants maintained a hostile work environment harassment against Plaintiff, and terminated Plaintiff's employment.

115.    Plaintiff's reporting/disclosing of the unlawful activity was the cause of Defendants' maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment.

116.    By maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment, and as otherwise may be discovered, Defendants violated California Labor Code § 1102.5.

117.    Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

throughout this Complaint.

118.   As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of Labor Code § 1102.5, et seq. as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, the need for punitive damages, including, but not limited to the following:

(a)   Damages for severe, excruciating and traumatic emotional distress and physical manifestations of the emotional distress and exacerbation of those injuries and symptoms, ulcers, loss of identity, tightness in chest, humiliation, crying daily, grief, nervousness, anger, shame, feeling trapped, frustration, frightening questions that plague her mind, anxiety, depression, headaches, breathing problems, panic attacks, suffocation feeling, dizziness, nausea, disorientation, trouble concentrating, sorrow, worry, low self-esteem, hopelessness, bad dreams about Defendants, insomnia, hair loss, the stigma about being terminated, loss of and damage to close relationships, and related emotional and mental anguish all in an amount to be determined by the jury at the trial of this matter;

(b)   Damages for past loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, with such damages increasing each day, plus interest in an amount to be determined by the jury at the trial of this matter;

(c)   Damages for future loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, in an amount to be determined by the jury at the trial of this matter;

(d)   Damages for consequential financial losses and additional emotional distress damages, increasing with each day, including, but not limited to, the inability to timely pay bills resulting in fees and penalties for failure to pay timely, loss of 401(K), financial penalties, personal loans, harassing communications from bill collectors, and other consequential

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

losses all of which have put extreme pressure on her life, family, and other treasured relationships, inflaming anxiety and arguments and causing further severe emotional distress in an amount to be determined by the jury at the trial of this matter; and

(e)   The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

## NINTH CAUSE OF ACTION

### Violation of California Labor Code § 1197.5—Equal Pay Act

### (Plaintiff and Class against all Defendants)

119.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

120.   California Labor Code § 1197.5(a) provides that "An employer shall not pay any of its employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions..."

121.   California Labor Code § 1197.5—California's Equal Pay Act—prohibits an employer from paying its employees less than employees of the opposite sex for equal work.

122.   As detailed above, Defendants paid Plaintiff less than her younger white teammates because she is an older black woman.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

123.    Defendants' conduct violates California's Labor Code § 1197.5 and the Equal Pay Act.

### PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1.    For actual damages, including loss of past and future earnings, in an amount according to proof at trial;

2.    For general and special damages, including but not limited to, pain and suffering, emotional distress, and loss of reputation in an amount according to proof at trial;

3.    For consequential and incidental damages and expenses in an amount according to proof at trial;

4.    For punitive damages in an amount according to proof at trial;

5.    For general unpaid wages and such general and special damages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.    For liquidated damages;

8.    For statutory wage penalties;

9.    For reasonable attorneys' fees according to proof at trial;

10.    For pre-judgment and post-judgment interest, all at the legal prevailing rate;

11.    For costs of suit; and

///

///

///

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

12.    For such other and further relief as the court may deem just, proper, and equitable.

Dated: March 22, 2018

Respectfully Submitted,

MATHEW & GEORGE

By: _____
Sang J Park

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated: March 22, 2018

Respectfully Submitted,

MATHEW & GEORGE

By: _____
Sang J Park

Attorneys for Plaintiff

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT B

Mark G. Kisicki, CA SBN 150057
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
mark.kisicki@ogletree.com

Attorneys for Defendant General Dynamics Mission Systems, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MARILYN ENGLISH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL DYNAMICS MISSION SYSTEMS, INC., a Delaware corporation; and Does 1 to 10,<br><br>Defendants. | Case No. CIVDS1806907<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:  3/23/2018<br>Trial Date:  None Set<br>Judge:  Hon. Donna Garza |

Defendant General Dynamics Mission Systems, Inc. ("GDMS") answers the Complaint filed by Marilyn English as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to California Code of Civil Procedure § 431.30(d), GDMS denies generally and specifically every allegation in the Complaint and further denies that Plaintiff has sustained damages in any sum or manner. GDMS further denies, generally and specifically, that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's burdens of proof and production of evidence or admitting that it carries the burden of proof as to any of the issues raised in the Complaint, GDMS asserts the following separate and independent defenses and prays for judgment as set forth below. GDMS further gives notice that it intends to rely upon such additional defenses as may become available during discovery and reserves the right to amend its Answer to assert any such defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and every cause of action it asserts, fails to allege facts sufficient to state a cause of action against GDMS upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking damages for physical, mental, and emotional injuries allegedly suffered because of her employment or the termination of her employment because her sole and exclusive remedy for any such purported injuries is California's Workers Compensation Act, California Labor Code §§ 3600 *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

GDMS alleges, on information and belief, that Plaintiff has failed to take reasonable steps to mitigate her damages, if any. Accordingly, Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates GDMS's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and its right to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the California Constitution and, therefore, fails to state a cause of action upon which punitive damages may be awarded.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.,
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages in this action, such damages are not recoverable as neither GDMS nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts, authorized or ratified such an act, had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts, or employed any such employee or employees with a conscious disregard of the rights or safety of others as required by California Civil Code § 3924(b).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all decisions regarding her employment, including the decision to terminate her employment, were made for legitimate, non-discriminatory, and non-retaliatory reasons and/or business purposes.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of avoidable consequences and because GDMS exercised reasonable care to prevent and promptly correct any unlawful behavior including, but not limited to, having in place appropriate policies and procedures and taking appropriate actions based on those policies and procedures. Any action GDMS allegedly took or did not take that harmed Plaintiff was due to Plaintiff's unreasonable failure to take advantage of those policies and procedures.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is attempting to base her claims on acts or occurrences outside of the applicable statutes of limitations, Plaintiff's claims are barred, in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and every cause of action it asserts, is barred to the extent that Plaintiff has failed to satisfy the statutory prerequisites to sue and exhaust all administrative remedies.

1

### TENTH AFFIRMATIVE DEFENSE

2
3

Plaintiff's Complaint is barred because Plaintiff failed to comply with the mandatory dispute resolution process to which she and GDMS agreed.

4

### ELEVENTH AFFIRMATIVE DEFENSE

5
6
7
8

To the extent Plaintiff alleges that she suffered harm based on conduct that occurred outside of the State of California, Plaintiff's claims are barred because California law does not apply, and/or because California law is preempted by federal law, other states' laws, and/or the law of foreign jurisdictions.

9

### TWELFTH AFFIRMATIVE DEFENSE

10
11

Plaintiff's Complaint is barred to the extent that GDMS discovers evidence after Plaintiff's termination that would have resulted in Plaintiff's termination at that later time.

12

### THIRTEENTH AFFIRMATIVE DEFENSE

13
14
15

Plaintiff is barred from recovering penalties from GDMS for its alleged willful failure to pay wages because there is a good faith dispute as to whether any amounts are owed to Plaintiff and if any amounts are owed, what amounts are owed to Plaintiff.

16

### PRAYER FOR RELIEF

17

GDMS pray for relief as follows:

18

1.     That Plaintiff's Complaint be dismissed in its entirety and with prejudice;

19
20

2.     That Plaintiff take nothing by this action and that judgment be entered against Plaintiff and in favor of GDMS;

21
22

3.     That GDMS be awarded all costs and attorneys' fees incurred in defending this action; and

23
24

4.     That GDMS be granted such other and further relief as the Court may deem just and proper.

25

DATED this 30th day of April 2018.

26
27
28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _Mark G. Kisicki_

   Mark G. Kisicki
   2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
   *Attorneys for Defendant*

**PROOF OF SERVICE**
*Marilyn English v. General Dynamics Mission Systems, et al.*
Case No. CIVDS1806907

I am a resident of, or employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to this action. My business address is: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Esplanade III, Suite 800, 2415 East Camelback Road, Phoenix, Arizona 85016.

On April 30, 2018, I served the following document(s), by method indicated below, on the parties in this action:

**ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

| | |
|---|---|
| Abraham Mathew<br>Jacob George<br>Sang J. Park<br>Mathew & George<br>500 South Grand Avenue, Suite 1490<br>Los Angeles, CA 90071<br>Tel:    310-478-4349<br>Fax:    310-478-9580<br>Email:   abraham@mathewandgeorge.com<br>        jacob@mathewandgeorge.com<br>        sang@mathewandgeorge.com | *Attorneys for Plaintiff MARILYN ENGLISH* |

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 30, 2018 in Phoenix, AZ.

*Susan Stimson*
Susan Stimson

ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. CIVDS1806907